# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNITED STATES OF AMERICA

VS.                                                     CASE NO. 8:19-cr-75-JA-CPT-1

JEFFERY ANDRE CHEAVES

## ORDER

Defendant filed a Motion for Compassionate Release. (Doc. 109).[1] To prevail on this motion, Defendant must satisfy two requirements: (1) he must exhaust his administrative remedies and (2) show there are extraordinary and compelling reasons warranting a reduction. If the Court finds that Defendant satisfies these requirements, it may reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) (18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13), and specifically finding that Defendant is not a danger to the safety of any other person or the community (U.S.S.G. § 1B1.13(2)). Defendant has exhausted his administrative remedies, but because he cannot show extraordinary and compelling reasons for a reduction of his sentence, his motion must be denied. Furthermore, the § 3553 sentencing factors do not weigh in Defendant's favor.

---

[1] The Government opposes Defendant's Motion. (Doc. 111).

After Defendant pleaded guilty to Count Three of the Indictment, possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Doc. 61), the Court sentenced him on October 16, 2020 to 60 months of imprisonment followed by 5 years of supervised release. (Docs. 91, 92).[2] Defendant is 58 years old with a projected release date of June 7, 2023. (Doc. 111).

## I. LEGAL FRAMEWORK FOR REDUCTION IN SENTENCE

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Congress granted the courts limited authority to modify a sentence in 18 U.S.C. § 3582(c):

> **(c) Modification of an imposed term of imprisonment.--**The court may not modify a term of imprisonment once it has been imposed except that--
> **(1)** in any case--
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of

---

[2] The Indictment charged Defendant with possession with intent to distribute controlled substances, possession of a firearm by a convicted felon, and possession of a firearm in furtherance of a drug-trafficking crime. (Doc. 1). At the time of the Indictment, Defendant qualified as an armed career criminal and was subject to an enhanced 15-year minimum sentence on the gun-possession charge. "As part of plea negotiations, and in consideration of [Defendant's] age (he is now 58 years old) the government elected to allow [Defendant] to plead guilty to the count charging him with possession of a firearm in furtherance of a drug crime . . . thus subjecting him to only a five-year minimum sentence." (Doc. 111 at 2).

> such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> **(i)** extraordinary and compelling reasons warrant such a reduction; or
> **(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Because Defendant is under 70 years old, he must show extraordinary and compelling reasons to qualify for modification of his sentence under § 3582(c).

Factors constituting extraordinary and compelling reasons are outlined in U.S.S.G. 1B1.13, the policy statement underlying 18 U.S.C. §3582. These reasons include Defendant's: (A) medical conditions, (B) age, if over 65 years, and (C) family circumstances. Neither (B) or (C) apply here because Defendant is not over 65 and he does not claim a relevant family circumstance.[3]

---

[3] Family circumstance is either (i) the death or incapacitation of the caregiver of the defendant's minor child or minor children or (ii) the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner. U.S.S.G. 1B1.13, Application Note 1.(C). Defendant does not allege either of these conditions.

3

Extraordinary medical conditions include (i) any terminal illness, and (ii) any "serious physical or medical condition ... that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. §1B1.13, cmt. n.1(A). Terminal illness "means a disease or condition with an end-of-life trajectory." 18 U.S.C. § 3582(d)(1). BOP Program Statement 5050.50, at 3(a) provides that consideration for a reduction in sentence can be given to an inmate who has been diagnosed with a terminal, incurable disease and whose life expectancy is eighteen months or less. Consideration is also given if an inmate is "completely disabled, meaning the inmate cannot carry on any self-care and is totally confined to a bed or chair" or "capable of only limited self-care and is confined to a bed or chair more than 50% of waking hours." *Id.* at 3(b).

But even when an extraordinary and compelling reason exists, a district court should only reduce a term of imprisonment if it determines that the defendant is not a danger to the public and the 18 U.S.C. § 3553(a) factors weigh in favor of release. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. §1B1.13.

II. DISCUSSION

A. EXHAUSTION OF ADMINSTRATIVE REMEDIES

The first question is whether Defendant exhausted his administrative remedies because the failure to do so is fatal to his request. *United States v.*

4

*Raia*, 954 F.3d 594, 597 (3d Cir. 2020)("Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance."). As set forth above, Defendant may ask the Court for relief after (1) he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on his behalf or (2) there has been a lapse of 30 days from the receipt of such a request by the warden of the facility where Defendant is imprisoned. 18 U.S.C. § 3582(c)(1)(A).

Defendant asserts he submitted a request for compassionate release to the warden on June 29, 2021 and did not receive a response within thirty days. (Doc. 109 at 2; 109-1). The Government argues Defendant's "BOP records suggests that he has not filed a petition for compassionate release with the warden" even though Defendant "provides documentation suggesting that he has." (Doc. 111 at 8). But this argument is not supported by a copy of the BOP's Administrative Remedy Log. Alternatively, the Government argues "[i]f [Defendant] has properly filed a petition, he has not yet appealed a determination by the warden." Thus, on one hand, the Government asserts the warden never received a request and on the other hand argues Defendant has not appealed the warden's decision.

Defendant submitted a copy of the request he mailed to the warden. (Doc. 109-1). He also provided documentation of requests he made to the BOP

5

regarding medical records and the status of his request for compassionate release, all on papers including his inmate number, name, and unit location. (Docs. 109-1 at 3; 109-2). On this record, the Court finds that Defendant has exhausted his administrative remedies.

### B. DEFENDANT FAILS TO PRESENT ANY EXTRAORDINARY AND COMPELLING REASONS

Defendant bears the burden of establishing that release is warranted. *United States v. Heromin*, 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019); *cf. United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013). Defendant claims his aggressive prostate cancer, kidney disease, sarcoidosis, and hypertension constitute a serious medical condition. But he does not present any records to substantiate these ailments or their severity.[4] The Presentence Report (PSR) reflects that Defendant was hospitalized in 1988, over thirty years ago, for sarcoidosis on his lungs and that he began experiencing prostate issues while incarcerated at the Citrus County Detention Facility, seeking treatment for frequent urination on August 11, 2019. (Doc. 90 at ¶ 84).[5] When pretrial services interviewed Defendant for his initial appearance in this case, the only physical problem he reported was back

---

[4] The Court notes Defendant requested his medical records from the BOP on July 1, 2021 and July 21, 2021 (Doc. 109-2), but they are not provided here.

[5] To prepare the PSR, probation interviewed Defendant at the Citrus County Detention Facility. (Doc. 90 at 20).

pain. (Doc. 17, filed March 15, 2019). He is prescribed Tamsulosin 0.4g for his kidney disease and Lisinopril 5 mg for his hypertension. (Doc. 109 at 3). There is nothing in the record indicating Defendant suffers from prostate cancer. The record is void of any evidence that Defendant has a life expectancy of eighteen months or less or that he is incapable of self-care or is confined to a bed or chair.

Defendant also argues the Covid-19 pandemic and his underlying health issues are extraordinary and compelling reasons sufficient to release him to time served. Then he argues that Application Note 1(D) of U.S.S.G. § 1B1.13 allows the Court to grant relief when he has failed to show extraordinary medical conditions as defined in U.S.S.G. § 1B1.13(1)(A). Application Note 1(D) allows for other extraordinary and compelling reasons as determined by the Director of the Bureau of Prisons. Application Note 1(D) however, "does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." *United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021). That is, "the phrase '[a]s determined by the Director of the [BOP]'" cannot be replaced with "as determined by a district court." *Bryant*, 996 F.3d at 1263. Thus, relief under Application Note 1(D) is not available to Defendant.

Nor does the Covid-19 pandemic fall into the specified categories of the Sentencing Commission's policy statement. The specified categories are

serious medical conditions afflicting an individual inmate, not generalized threats to the entire population. "The mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *Raia*, 954 F.3d at 597. And "general concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13." *United States v. Smith*, 8:17-cr-412-T-36AAS, 2020 WL 2512883, at *6 (M.D. Fla. May 15, 2020).

"[A] compassionate release due to a medical condition is an extraordinary and rare event." *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019). Defendant provides no records to corroborate his medical conditions and therefore fails to carry his burden of establishing that compassionate release is warranted. *See, e.g., Klatch v. United States*, No. 8:17-cr-135-T-27JSS, 2020 WL 1694299, at *2 (M.D. Fla. Apr. 7, 2020) (denying compassionate release based, in part, on the defendant failing to "provide any medical documentation in support of his assertions" that he is suffering a serious medical condition); *see also, United States v. Rodriguez-Orejuela*, 457 F. Supp. 3d 1275, 1282-84 (S.D. Fla. 2020) (denying a motion for compassionate release for an eighty-one year old inmate with a number of health conditions, including colon and prostate cancer and chronic hypertension).

8

## C. THE 18 U.S.C. § 3553(a) FACTORS WEIGH AGAINST GRANTING DEFENDANT RELIEF

If Defendant had presented extraordinary and compelling reasons—which he did not—the Court could grant a sentence reduction after considering the 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A). In an abundance of caution, the Court has carefully considered the 3553(a) factors and finds that they also weigh against Defendant's request for relief.[6]

## III. CONCLUSION

Defendant's Motion for Compassionate Release (Doc. 109) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on August 23, 2021.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Attorney
United States Probation Office
Jeffery Andre Cheaves

---

[6] Defendant's criminal career began with shoplifting at age 17. He went on to incur the following convictions: at age 18, possession of marijuana; at 19, attempted robbery without the use of a firearm; age 21, robbery; age 24, possession of cocaine, synthetic cannabinoids, narcotic equipment, weapon by convicted felon and possession of firearm in furtherance of a felony; at 26, sale of cocaine and possession of paraphernalia; at 28, loitering and prowling, possession of paraphernalia, loitering for unlawful purposes, and resisting arrest without violence; at 29, fraudulent sale of substance in lieu of controlled substance, principal to sale of cocaine; at 30, principal to aggravated battery; at 34, possession of drug paraphernalia, resist/obstruction of officer without violence; at 36, domestic battery; at 37, possession of cocaine, possession of drug paraphernalia; at 38, failure to appear on felony offense; at 40, possession of paraphernalia; and at 45, petit theft. (Doc. 90 at 8-14). Additionally, he had his probation revoked three times. (Doc. 90 at 12-13).